**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisca Martinez,<br><br>        Plaintiff,<br><br>v.<br><br>Auto Now Financial Services Incorporated, et al.,<br><br>        Defendants. | No. CV-21-01155-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Auto Now Financial Services, Inc.'s ("Auto Now") Motion to Set Aside Entry of Default. (Doc. 28). Plaintiff Francisca Martinez ("Martinez") filed a Response, (Doc. 30), and Auto Now filed a Reply. (Doc. 35). The Court now rules.

**I.     BACKGROUND**

On July 2, 2021, Martinez filed her complaint against Defendant Auto Now and Defendant All Star Recovery of Arizona, LLC ("All Star") (together, "Defendants") under the Fair Debt Collection Practices Act, A.R.S § 47-9609, and common law conversion and battery. (Doc. 1). Martinez alleges that Defendants breached the peace by continuing to repossess her car despite her protest and after the police arrived. (*Id.* at 7–8). Martinez also alleges that All Star's staff physically "grabbed" and "wrestled" her while they repossessed her car. (*Id.*).

Auto Now was served on or about July 20, 2021. (Doc. 28 at 1; Doc. 11). That same day, Auto Now claims that Brian Jackson, its President and Director, contacted Auto

Now's then-counsel requesting representation. (Doc. 28 at 1, 10). Jackson and Auto Now's then-counsel discussed representation and litigation strategy. (*Id.*). Based on that call, Jackson "believed that Auto Now was being properly represented through its counsel" and that a responsive pleading had been filed. (*Id.* at 1, 4, 10).

On August 24, 2021, Martinez filed an Application for Entry of Default, (Doc. 12), due to Defendants' failure to appear or otherwise respond to the complaint. The Court entered default against Defendants on August 25, 2021.[1] (Doc. 13).

Auto Now asserts that it "only recently . . . discover[ed] that its counsel had not taken any action, and failed to file an appearance or any responsive pleading on behalf of Auto Now." (Doc. 28 at 1). On December 14, 2021, Auto Now contacted its present counsel to request legal assistance, (*Id.* at 2), and Auto Now filed a Motion to Set Aside Entry of Default one week later. (Doc. 28).

## II.  LEGAL STANDARD

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The Court considers three factors to determine if good cause exists to set aside an entry of default: (1) whether the movant engaged in "culpable" conduct; (2) whether a meritorious defense exists; and (3) whether setting aside the default judgment would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "The party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *New Gen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

### A.  Culpable Conduct

The Court first determines whether Auto Now's default was the result of culpable

---

[1] All Star filed an unopposed Motion to Set Aside Entry of Default on September 2, 2021. (Doc. 14). The Court granted that motion the same day. (Doc. 15).

conduct. "[A] defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).

Auto Now claims that its conduct was not culpable because it did not act intentionally. Auto Now asserts that "the sole reason" it "failed to respond timely to the complaint was because it believed its counsel was handling all legal matters." (Doc. 28 at 4). In response, Martinez argues that Auto Now's conduct is culpable because it received actual or constructive notice of the filing of the action and failed to answer, and it does not matter whether Auto Now's conduct was intentional. (Doc. 30 at 5–6) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521–22 (9th Cir. 1987)). Martinez further claims that an attorney's failure to file an answer is not excusable neglect. (*Id.* at 4).

The Ninth Circuit has established two separate standards for whether consciously failing to respond to a complaint fits the meaning of "intentionally" as used in the definition of culpability. If a party is "legally sophisticated," the court may deem its conduct culpable if it has "received actual or constructive notice of the filing of the action and failed to answer[.]"[2] *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *Mesle*, 615 F.3d at 1093 ("[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality."). If a party is not legally sophisticated, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1091 (quoting *TCI Group*, 244 F.3d at 697).

To determine a party's legal sophistication, the court considers whether the party

---

[2] The cases cited to by Martinez, which forgo an "intentionality" determination, were decided prior to the Ninth Circuit's development of the "legally sophisticated" distinction and do not reflect current case law on this issue. (Doc. 30 at 5–6) (citing *Meadows*, 817 F.2d at 521–22; *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

- 3 -

has familiarity with legal processes or has consulted with counsel at the time of default. *See TCI Group*, 244 F.3d at 699 n.6 ([a]bsent some explanation . . . it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the consequences of failing to answer and do so only if they see some advantage to themselves"); *Mesle*, 615 F.3d at 1093 (finding a party was unsophisticated because he was not a lawyer and was "unrepresented at the time of default.").

Here, the Court finds that Auto Now is a "sophisticated party." By immediately reaching out to its then-counsel upon being served, Auto Now demonstrated that it was familiar with the litigation process and aware it needed to respond to the complaint. *See Mesle*, 615 F.3d at 1093 (parties are legally sophisticated when they are "well aware of the dangers of ignoring service" (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 690 (9th Cir.1988)); *see also Joe Hand Promotions, Inc. v. Manzo*, 2:15-CV-00313-JWS, 2016 WL 5416141, at *3 (D. Ariz. September 28, 2016) (finding a defendant legally sophisticated where he was "aware of the need to respond to a complaint from his experience with being sued in the past"). Further, as alleged in its Motion, Auto Now had consulted with—and believed it was being represented by—its then-counsel at the time of default. (Doc. 28 at 1); *See Mesle*, 615 F.3d at 1093. Accordingly, Auto Now is a "sophisticated party" and the *Franchise Holding II* standard applies to the Court's culpability determination.

Regardless of a party's legal sophistication, the court may determine that a party lacks culpability if it offers a "credible, good faith explanation" negating any "bad faith" intentionality. *See Nutrition Distrib. LLC v. Black Diamond Supplements LLC*, No. CV-17-01869-PHX-JAT, 2018 WL 1109556, at *3 (D. Ariz. Mar. 1, 2018); *Howarth v. Patterson*, No. CV-19-00726-PHX-ESW, 2020 WL 888292, at *2 (D. Ariz. Feb. 24, 2020) (finding defendant culpable regardless of whether it was a "legally sophisticated party" because it failed to offer a "credible, good faith explanation for its failure to appear").

The Court finds that Auto Now offers a "credible, good faith explanation," negating any assumption of "bad faith" intentionality. *Nutrition Distribution*, 2018 WL 1109556, at

\*3. After being served with Martinez's complaint, Auto Now immediately spoke with its then-counsel and believed that it was being properly represented. (Doc. 28 at 10). Later, when Auto Now discovered its then-counsel's inaction, Auto Now acted swiftly to correct the situation. (*Id.*). While significant time elapsed from the Entry of Default until Auto Now requested representation from its current counsel, it is unclear that Auto Now had notice of the Entry of Default. Notice of the Entry of Default was never sent to Auto Now and Martinez does not contend that she affirmatively notified Auto Now of the Entry of Default. (Doc. 13). Martinez argues that Auto Now's suit in state court indicates it had actual notice of its default. (Doc. 30 at 7). But Auto Now's state court filing does not prove its notice of default in federal court, nor does Martinez present any facts showing Auto Now's notice. Ultimately, none of the facts show that Auto Now had "an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *TCI Group*, 244 F.3d at 697; *see Nutrition Distrib. LLC v. Black Diamond Supplements LLC*, No. CV-17-01869-PHX-JAT, 2018 WL 1109556, at \*2–3 (D. Ariz. Mar. 1, 2018) (finding a lack of requisite bad faith where "[d]efendants promptly hired counsel and addressed the lawsuit" after they "learned that the lawsuit had not been taken care of, as promised by [their] vendor," 105 days after the entry of default).

Martinez further argues that "an attorney's failure to file an answer is not excusable neglect." (Doc. 30 at 4) (citing to *U.S. v. All Assets Held at Bank Julius, Baer & Co.*, 228 F. Supp. 3d 118, 125–26 (D.D.C. 2017); *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146–47 (9th Cir. 1975); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392–93 (1993)). But these cases do not support this proposition. In *All Assets* and *Savarese*, the courts found that a defendant's failure to file an answer due to its attorney's misunderstanding of the rules did not constitute excusable neglect. *All Assets*, 228 F. Supp. 3d at 125–26; *Savarese*, 513 F.2d at 146–47. In contrast, this case involves an attorney's failure to appear on behalf of the client or become involved in the client's litigation. (Doc. 28 at 1). This is not a case of attorney error; it is a case of attorney absence. Likewise, *Pioneer Inv. Servs.* is not instructive here. Though the Supreme Court

acknowledged that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," the Court noted that excusable neglect is a "somewhat 'elastic concept.'" *Pioneer*, 507 U.S. at 392. As discussed above, the facts here are distinguishable from those situations and Defendant has provided a "credible, good faith explanation" negating any "bad faith" intentionality. Accordingly, the Court finds Auto Now not "culpable," which weighs in favor of setting aside Auto Now's default.

### B. Meritorious Defense

Next, the Court determines whether Auto Now has a meritorious defense. To present a meritorious defense, the primary inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The burden on a defendant, however, is "not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. Although general and conclusory assertions do not satisfy this burden, a defendant need only allege sufficient facts to raise "a *potentially* meritorious defense." *Id.* at 699 (emphasis added).

Here, Auto Now alleges sufficient facts to show that it has a potentially meritorious defense. (Doc. 28 at 4–5). Auto Now asserts that: (1) Martinez's automobile "was already hooked up to the tow truck and headed down the street when Martinez chased it in an attempt to thwart the repossession"; (2) after All Star employees stopped the tow truck, Martinez "attempted to enter and take control of the car, even though its drive wheels were off the ground"; and (3) Martinez alleged to police that she was injured when she attempted to regain possession of her car, but that police did not notice any injuries and Martinez refused medical treatment. (*Id.*; Doc. 19 at 2).

Martinez asserts that the facts as alleged by Auto Now do not constitute a defense against her battery claim because "[p]hysical injury is not an element of [Martinez's battery claim], but only goes to the amount of damages." (Doc. 30 at 8). But under the facts as alleged by Auto Now, All Star employees did not intentionally cause harmful or offensive conduct with Martinez. (Doc. 28 at 4–5). Rather, she was injured on her own account. (*Id.*).

- 6 -

Under these facts, Martinez's battery claim would fail.[3]

Martinez further asserts that Auto Now failed to provide a meritorious argument related to her repossession claim. (Doc. 30 at 8). Martinez supports this claim by citing to several states' repossession laws. (Doc. 30 at 12–13). But because the Court determined that Auto Now has a potentially meritorious defense on Martinez's battery claim, it does not need to make determinations as to Martinez's repossession claim. Auto Now has already met the low burden of alleging facts that "may cause a different result than default." *ThermoLife International*, 2015 WL 1521779, at *2; *see TCI Group*, 244 F.3d at 700 (this burden is "not extraordinarily heavy"). Accordingly, this factor also weighs in favor of setting aside Auto Now's default.

### C. Prejudice to Plaintiff

Finally, the Court considers whether setting aside default would prejudice Martinez. *Mesle*, 615 F.3d at 1091. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue [her] claim will be hindered.'" *TCI Group*, 244 F.3d at 701 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) (per curiam)).

Martinez contends that setting aside the entry of default would prejudice her because it would allow Auto Now to assert a counterclaim that Martinez would otherwise not have to defend. (Doc. 30 at 13–14). But this is not a cognizable claim under the prejudice factor. *See Vital Living, Inc. v. Radha Krsna's Heartly Blessings, Inc.*, No. CV 05-0625-PHX-JAT, 2005 WL 8161228, at *2 (D. Ariz. Aug. 19, 2005) (finding lack of prejudice in setting aside entry of default where defendant intended to file a counterclaim); *Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2017 WL 11440760, at *2 (D. Ariz. Aug. 7, 2017) (ordering defendants to file an answer and raise any counterclaims after setting aside entry of default). Martinez can still pursue her own claims, and "vacating the default judgment merely restores the parties to an even footing in the litigation." *TCI Group*, 244 F.3d at

---

[3] To establish a battery claim under Arizona law, a plaintiff must prove that the defendant intentionally caused harmful or offensive contact with the plaintiff. *See Ryan v. Napier*, 425 P.3d 230, 235 (Ariz. 2018); Restatement (Second) of Torts § 13 (1965).

- 7 -

701. Accordingly, the final factor weighs in favor of setting aside default.

### III. CONCLUSION

Based on these factors, and the general preference for resolving cases on their merits, the Court concludes that the entry of default in this case should be set aside. Accordingly,

**IT IS ORDERED** that Auto Now's Motion to Set Aside Entry of Default (Doc. 28) is **GRANTED**. The default entered at Doc. 13 as to Defendant Auto Now is set aside.

**IT IS FURTHER ORDERED** that Defendant Auto Now's answer or other response to the complaint is due by May 2, 2022.

**IT IS FURTHER ORDERED** that Defendant Auto Now is bound by the Scheduling Order (Doc. 25) issued by this Court on November 17, 2021. If Defendant Auto Now seeks to extend any deadlines in that Order, any such motion is due within two weeks from date of entry of this order.

Dated this 18th day of April, 2022.

James A. Teilborg
Senior United States District Judge